IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEJESUS COLLINS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-21-0199 |
| GARY D. MAYNARD, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

On January 25, 2021, Plaintiff DeJesus Collins, an inmate incarcerated at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed this civil rights action along with a Motion for Leave to Proceed in Forma Pauperis and a Motion for Protective Order. ECF Nos. 1, 2, 3. In his filings, Collins claims that he is "mentally and physically handicap[ped]," and a prior settlement agreement prohibits the Maryland Department of Public Safety and Correctional Services ("DPSCS") from housing him in any facility other than Jessup Correctional Institution ("JCI"). ECF No. 1 at 1–2. Collins states that, nonetheless, since December 2020, DPSCS has housed him at NBCI, where Defendants Glenn and Holly Hoover previously assaulted him and there is no wheelchair accommodation.[1] *Id.*; ECF No. 3. As relief, he seeks monetary damages. ECF No. 1 at 2–3. Collins also filed a Motion seeking a transfer back to JCI. ECF No. 6.

Before initiating formal proceedings, the Court directed counsel for DPSCS to show cause why injunctive relief should not be granted in Collins's favor. ECF No. 4. Counsel responded on February 23, 2021. ECF No. 7. Thereafter, Collins filed additional correspondence repeating his request to be transferred to JCI. ECF Nos. 8, 9, 13.

---

[1] As such, the Clerk will be directed to add DPSCS as a Defendant. *See* ECF No. 4.

1

This Court also directed the finance officer at NBCI to file a verified inmate account statement reflecting the average balance and deposits to Collins's account. ECF No. 4. As the account statement has not been received, the initial partial payment shall be waived.

For the reasons that follow, Collins's motion for a protective order (ECF No. 3) shall be denied and his motion for transfer to JCI (ECF No. 6) shall be denied without prejudice. The case shall proceed with regard to Collins's claim that he is being housed at a wheelchair-inaccessible facility, despite his medical needs.

**Background**

Collins has been serving a life sentence within DPSCS facilities since 2009. *See* Offender Case Management System, ECF No. 7-3 at 5. In 2015, following his filing of a civil lawsuit in this Court, Collins and DPSCS entered into a settlement agreement that provided, *inter alia*, that he would not be housed in a facility other than JCI. *See Collins v. Maynard*, Civ. No. JKB-13-1639 at ECF No. 7-7 at 2.

On July 21, 2020, Collins was transferred to NBCI. Offender Case Management System, ECF No. 7-4 at 1. On July 31, 2020, NBCI Nurse Holly Hoover indicated that Collins, who uses a wheelchair, had to be transferred to a temporary cell for medical observation. Use of Force Report, ECF No. 7-6 at 16. Sgt. Cody Haer, Sgt. Warren Mallow, and Officers Glenn Hoover and Michael Walters were involved in the escort. *Id.* As the officers approached the holding cell, Collins became non-compliant and used his legs to prevent being placed in the cell, stating, "This isn't no handicap cell. I'm not going in here." *Id.* Although Sgt. Haer explained the reason for Collins's placement in the cell, Collins remained argumentative and grabbed the frame of the door to stand up. *Id.* In response, Sgt. Haer placed his right arm across Collins's chest to keep him seated. *Id.* As Collins continued to struggle and remained argumentative, Sgt. Haer placed his left

2

hand on Collins's shoulder to retain control. *Id.* Sgt. Mallow and Sgt. Haer then attempted to de-escalate the situation by using "good communication skills," but failed. *Id.* Collins continued to disregard Sgt. Haer's direct orders. *Id.* Thus, Sgt. Mallow and Officer Hoover picked up Collins, carried him into the holding cell, and placed him on a bench. *Id.* After Collins calmed down and became compliant, his handcuffs were removed. *Id.* He refused to give a statement about the occurrence and refused medical treatment. *Id.* at 15, 19. Photographs of Collins showed no injuries. *Id.* at 22–25. Thereafter, the use of force was reported and, following an investigation, the conduct of the officers was deemed appropriate. *Id.* at 4.

Collins was transferred back to JCI on August 14, 2020. ECF No. 7-4 at 1. On December 1, 2020, he received a Notice of Inmate Rule Violation ("Notice") for assaulting staff and disobeying an order. Notice, ECF No. 7-2 at 1–3. According to the Notice, Correctional Officer Frank Radulski was escorting a nurse who was distributing medications when Collins refused his medicine and pushed his way out of his cell. *Id.* at 1. When Radulski attempted to block Collins, Collins knocked Radulski down to the ground and dragged him across the floor. *Id.* After a code for assistance was called, Sgt. Tania Berry responded to the call and grabbed Collins, moving him away from Radulski. *Id.* JCI's case management staff initiated an out-of-schedule security review instrument for Collins that same day and recommended an increase from Maximum I security to Maximum II security based on his "long record of assaults on staff," including "[t]he most egregious act today" against Radulski. ECF No. 7-3 at 4. Collins was immediately transferred to NBCI on December 1, 2020.[2] *See id.*; ECF No. 7-2.

On December 2, 2020, JCI Warden Cleveland Friday agreed with the recommendation "to override and transfer subject to a maximum security level institution due to seriousness of

---

[2] NBCI is the only Maximum II security facility in the State of Maryland. Decl. of John White, NBCI Correctional Case Management Specialist II, ECF No. 7-1 ¶12.

3

infractions in the last 12 months and assaultive behavior towards staff." ECF No. 7-3 at 5. According to Friday, Collins was issued twenty-nine notices of rule violations in 2020, seventeen of which resulted from assaults on staff. *Id.* Friday also noted that "[s]everal members of the inmate population and staff members have lodged complaints about [Collins's] behavior," and therefore, he believes that Collins should be banned from JCI. *Id.* The recommendation for an increase to Maximum II security was approved through the Case Management Process and given final approval by DPSCS Commissioner Wayne Hill on December 2, 2020. *Id.* at 5–6.

Collins's adjustment hearing for the incident involving Radulski was scheduled for December 22, 2020. *See* ECF No. 7-2 at 8. Collins was given an opportunity to attend, but he refused to participate. *See id.* at 2–5. Based on the facts presented in the Notice and a video of the incident, Collins was found guilty of violating Rule 101 (for committing an assault or battery on staff) and sanctioned to 180 days of segregation and an alternative sanction of thirty days of cell restriction. *Id.* at 7–8.

## Discussion

A preliminary "injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010); *see also SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017) (explaining that satisfying the four-prong test for granting a preliminary injunction is "a high bar, as it should be"). To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

This Court considers Collins's motion for a protective order (ECF No. 3) and his motion for a transfer (ECF No. 6) as motions seeking preliminary injunctive relief. Collins claims that his life is in danger at NBCI and that he needs to be housed at JCI, both for medical reasons and pursuant to a settlement agreement. ECF No. 1. From the verified medical and correctional records submitted by counsel for DPSCS, however, it appears that Collins has been classified as a Maximum II inmate and transferred to NBCI due to his repeated assaultive behavior at JCI. Moreover, it does not appear that he has suffered any harm while housed at NBCI. It is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison rather than another, absent a showing of significant hardship. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (requiring an "atypical and significant hardship on the inmate" as a prerequisite to the creation of such a constitutionally protected liberty interest). Because Collins has not shown that he is likely to succeed on the merits or that he is likely to suffer irreparable harm, a preliminary injunction is not warranted in this case.

Nor does Collins's reliance on the settlement agreement entitle him to the imposition of a preliminary injunction. Indeed, a federal court has no jurisdiction to consider alleged violations of settlement agreements, unless they pertain to violations of federal law and the settlement agreement has been specifically incorporated into the dismissal of the suit. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).[3] The settlement agreement at issue was not

---

[3] Rather, the settlement agreement may give rise to a contract claim that may be brought in state court. *See Fairfax Countywide Citizens Ass'n v. Fairfax Cnty.*, 571 F.2d 1299, 1305–06 (4th Cir. 1978) (holding that a federal court has no jurisdiction to enforce a settlement agreement absent an independent basis for jurisdiction).

5

incorporated into the dismissal of Collins's prior case. See *Collins v. Maynard*, Civ. No. JKB-13-1639 at ECF No. 61. Thus, the Court may not consider it here.

As Collins cannot satisfy all four *Winter* requirements for granting a preliminary injunction, his request for injunctive relief in the form of a protective order (ECF No. 3) shall be denied, and his motion for transfer to JCI (ECF No. 6) shall be denied without prejudice to seek that same relief at a later stage in this litigation. The case shall proceed with regard to Collins's claim that he is wheelchair-bound, but is being housed in a facility that does not accommodate wheelchairs.

A separate Order follows.

Dated this 7 day of June, 2021.

FOR THE COURT:

James K. Bredar
Chief Judge