IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEJESUS COLLINS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. JKB-21-0199** |
| **GARY D. MAYNARD,** *et al.,* | * | |
| **Defendants.** | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*    ·  \*       \*       \*

### MEMORANDUM

On January 25, 2021, Plaintiff DeJesus Collins, an inmate incarcerated at North Branch

Correctional Institution ("NBCI") in Cumberland, Maryland, filed this action and is proceeding *in*

*forma pauperis*. ECF Nos. 1, 2, 18. Given the substance of the allegations, this Court construed

and instituted this matter as a civil rights complaint filed pursuant to 42 U.S.C. § 1983. ECF No.

4 at 1. Defendant Holly Hoover filed a Motion to Dismiss, or in the Alternative, for Summary

Judgment. ECF No. 32. Defendants Maryland Department of Public Safety and Correctional

Services ("DPSCS"), Glenn Hoover, and NBCI also filed a Motion to Dismiss, or in the

Alternative, for Summary Judgment. ECF No. 36. Collins was given an opportunity to respond

to both motions and has failed to do so. ECF No. 33, 37. The Court finds that a hearing is not

necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons discussed below, Defendants'

Motions, construed as Motions to Dismiss, will be granted.

### I.   Factual and Procedural Background

Collins has been serving a life sentence within DPSCS facilities since 2009. *See* Offender

Case Management System, ECF No. 7-3 at 5. Collins's allegations are somewhat unclear. He

alleges that he is "mentally and physically handicap[ped]" and that a prior settlement agreement

prohibits DPSCS from housing him in any facility other than Jessup Correctional Institution ("JCI").[2] ECF No. 1 at 1–2. Collins also alleges that:

> On July 31, 2020 at approximately 8:16 Officer Glenn Hoover and his wife Holly Hoover assault me by put me in an observation cell that was not handicap! Nurse Hollyy [sic] Hoover told officer Glenn Hoover to push me in my wheel chair to the observation cell. I told officer Glenn Hoover I can not go in the cell because it was not handicap, then Glenn Hoover picked me up out of the wheelchair in [sic] put me in the observation cell, I went to the bathroom on myself, they take me back out of the cell when my mother call[.]

ECF No. 3.

In his Complaint, in which he seeks monetary damages, Plaintiff named Gary D. Maynard, former Maryland Secretary of DPSCS, as the sole Defendant. ECF No. 1. In his Motion for Protective Order, which was filed the same day as his Complaint, Collins also raised claims against DPSCS, Officer Glenn Hoover, and Nurse Practitioner Holly Hoover; thus, the Court added those Defendants to this action. ECF Nos. 3, 4.

The Court directed Defendants to show cause why injunctive relief should not be granted in Collins's favor. ECF No. 4. Thereafter, Collins filed a motion and various correspondence seeking a transfer to JCI. ECF Nos. 6, 8, 9, 13. The Court determined that Collins had not shown that he was likely to succeed on the merits or that was likely to suffer irreparable harm, and the Court therefore denied Collins's Motion for Protective Order and his Motion for Transfer. ECF No. 17 at 5–6. The Order indicated that this case would proceed on Collins's claim that he is wheelchair-bound but is being housed in a facility that does not accommodate wheelchairs. *Id.*

---

[2] In 2015, following his filing of a civil lawsuit in this Court, Collins and DPSCS entered into a settlement agreement which provided, inter alia, that he would not be housed in a facility other than JCI unless there is "a good faith determination made by DPSCS, on a written record including the basis for such a determination, that Plaintiff's life would be endangered were he to remain at JCI and that there are no alternative housing arrangements available at JCI that would mitigate the risk to Plaintiffs life..." *See Collins v. Maynard,* Civ. No. JKB-13-1639; Settlement Agreement, ECF No. 7-7 at 2. If Collins was moved to another facility pursuant to those terms, the settlement agreement provides that Collins would move to "a correctional facility other than Western Correctional Institution ('WCI')." *Id.* The Court previously explained that it did not have jurisdiction over this claim. ECF No. 17 at 5.

2

The following day, Collins filed a supplement to his Complaint, again alleging, generally, that unnamed officers at NBCI failed to protect him. ECF No. 19. Collins added NBCI as a Defendant. *Id.* He also renewed his request to be transferred to JCI, which he believes to be the best prison to meet his medical needs. *Id.*

## II.   Standard of Review

Defendants' motions are styled as motions to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). The Court will construe both motions as Motions to Dismiss.

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the

'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (citation omitted). But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citation omitted). A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## III. Discussion

The Defendants in this action presented two separate Motions to Dismiss, or in the Alternative, for Summary Judgment. The first was filed by Defendant Holly Hoover, a nurse employed by Corizon Health at NBCI. ECF No. 32-2 at 1. The second was filed by Defendants Officer Glenn Hoover, NBCI, and DPSCS. ECF No. 36 at 1. For the reasons that follow, claims against all four Defendants cannot proceed and will be dismissed. In addition, claims against Gary Maynard will also be dismissed, although he has not been served in this action.

## A.     Defendants NBCI and DPSCS

As a preliminary matter, DPSCS and NBCI are not "persons" subject to suit under 42 U.S.C. § 1983 and, therefore, Collins's claims against them must be dismissed. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1230 (2002).  A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civ. No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").  Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and DPSCS and NBCI are not persons within the meaning of the statute.  Thus, the claims against them shall be dismissed.

## B.     Exhaustion

The Correctional Defendants (DPSCS, Officer Hoover, and NBCI) argue that Collins has failed to exhaust his administrative remedies.  ECF No. 36-1 at 10.  If Collins's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e. The PLRA provides that a prisoner cannot bring a claim "with respect to prison conditions under section 1983 of this

5

title ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). For purposes of the PLRA, "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x 253 (4th Cir. 2004).

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219. It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530. Because the Court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in a very real sense, exhaustion prior to federal suit is mandatory. Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93

(2006). Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F. 3d at1225); *Kaba*, 458 F.3d at 684.

In Maryland prisons, for the type of grievance asserted by Collins, the Administrative Remedy Procedure ("ARP") is the administrative process that must be exhausted. Md. Code Regs. § 12.02.28.02(B)(1), (D) (2018). First, a prisoner must file an ARP with the warden within 30 days of the incident at issue. Md. Code Regs. § 12.02.28.05(D)(1) (requiring filing with the "managing official"); Md. Code Regs. § 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); Md. Code Regs. § 12.02.28.09(B) (setting the 30-day deadline). Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days. Md. Code Regs. § 12.02.28.14(B)(5). If the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO"). *See* Md. Code. Ann., Corr. Servs. ("C.S") §§ 10-206, 10-210; Md. Code Regs. § 12.07.01.05(B). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii). If the grievance is dismissed, the "order of dismissal shall be forwarded to the complainant within 60 days after the complaint was submitted to the Office." C.S. § 10-207(b)(2)(i).

Exhaustion requires full completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

Since July 2020, while at NBCI, Collins has filed three ARPs. ECF No. 36-2 at 1. The first, signed by Collins on April 14, 2021, and stamped as received by NBCI on April 15, 2021, deals with Collins's access to a wheelchair. *Id.* That ARP was dismissed because the order for a wheelchair had previously been discontinued by a physician after a determination that it was not necessary for Collins to ambulate. *Id.* at 5. The next ARP, which was signed by Collins on April 13, 2021, and stamped as received by NBCI on April 15, 2021, again details concern over access to a wheelchair. *Id.* at 28. This ARP was procedurally dismissed as repetitive. *Id.* The final ARP, signed by Collins on April 29, 2021, and stamped as received by NBCI on May 3, 2021, also alleges a lack of access to a wheelchair. *Id.* at 29. Again, this was procedurally dismissed as repetitive. *Id.* Thus, none of the ARPs filed by Collins relate to the claims at issue here: that NBCI is inaccessible to a person in a wheelchair, or that Officer and Nurse Hoover utilized excessive force against him. Moreover, the ARPs that were filed by Collins were received over eight months after the incident described in Collins's Complaint, well outside the 30-day time frame required under Md. Code Regs. § 12.02.28.09(B). Finally, the IGO avers that there is no record of receiving any such grievance from Collins. ECF No. 36-3 at 1.

From this record, it is clear that Collins failed to exhaust his administrative remedies such that this Court can now hear this claim. Because Collins failed to follow the procedural

8

requirements required to exhaust the administrative grievance process, his claims against DPSCS, NBCI, and Officer Hoover are unexhausted and must be dismissed.

## C.    Defendant Holly Hoover

Collins fails to state a claim against Nurse Practitioner Holly Hoover.  In order to establish her liability under § 1983, "the plaintiff must affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (quoting *Wright v. Collins*, 766 F.2d 841, 8850 (4th Cir. 1985)).  Collins's allegations against Nurse Hoover state that "on July 31, 2020 at approximately 8:16 Officer Glenn Hoover and his wife Holly Hoover assault me by put me in an observation cell that was not handicap! Nurse Hollyy [sic] Hoover told officer Glenn Hoover to push me in my wheel chair to the observation cell." ECF No. 3.  Even construing this allegation liberally, it fails to substantiate that Nurse Hoover violated Collins's constitutional rights.

To sustain an Eighth Amendment claim for denial of adequate medical care, a plaintiff must demonstrate that the defendant's acts or omissions amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

Objectively, the medical condition at issue must be serious. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  A medical condition is serious when it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko*, 535 F.3d at 241 (citation omitted).

9

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997); *see also Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "[I]t is not enough that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Jackson*, 775 F.3d at 178 (citations omitted). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *See Farmer*, 511 U.S. at 844. Thus, "[d]eliberate indifference is more than mere negligence, but less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (citation and internal quotation marks omitted).

Here, Collins merely alleges that Nurse Hoover and Officer Hoover "assault[ed]" him by putting him in an observation cell that was not accessible for a person in a wheelchair, and that Nurse Hoover directed Officer Hoover to put Collins in the observation cell. ECF No. 3. On the face of the Complaint, Collins's allegations do not constitute deliberate indifference to a serious medical need. In the absence of any facts substantiating Nurse Hoover's deliberate indifference, or Collins's serious medical need, claims against Nurse Hoover must be dismissed.

**D.    Unserved Defendant Gary D. Maynard**

Defendant Maynard was never served in this action. However, Collins's claims against him will be dismissed pursuant to 28 U.S.C. § 1915A. Because Collins is an inmate proceeding *in forma pauperis*, the Court reviews the allegations against Maynard to assess whether Collins

10

has stated a plausible claim for relief against him. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Other than naming Maynard in the Complaint, Collins does not attribute any specific action or inaction on his part that resulted in a constitutional violation. *See Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (quoting *Wright v. Collins*, 766 F.2d 841, 8850 (4th Cir. 1985) ("To establish personal liability under § 1983, however, the plaintiff must "affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights.")). Thus, the claims against him will be dismissed. *See* 28 U.S.C. § 1915A(b).

## IV.    Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss, or in the Alternative, Motions for Summary Judgment, construed as Motions to Dismiss, are granted.

A separate Order follows.

Dated this __15__ day of September, 2022.

FOR THE COURT:

James K. Bredar
Chief Judge